# Exhibit A

INDEPENDENT CONTRACTOR'S AGREEMENT FOR CREW SERVICES

THIS INDEPENDENT CONTRACTOR'S AGREEMENT effective the 15th day of March, 2015, between Golden Compass Ltd. ("Owner") and Staats Marine Services, LLC ("Contractor").

Recitals:

i) Owner owns the vessel "Golden Compass," a 151 foot motoryacht, official no. 70597 (the "Vessel"); and

ii) Owner desires to retain Contractor to provide certain crew services for the Vessel, and Contractor is willing to provide such services, subject to the terms and conditions hereinafter set forth;

NOW THEREFORE, in consideration of the premises, the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

2) <u>Association</u>. Owner hereby retains Contractor as an independent contractor to provide crew services for the Vessel on the terms and conditions contained herein.

3) <u>Crew Services</u>. During the term of this Agreement, Contractor shall provide a full-time, qualified captain (the "Captain"), licensed and qualified, possessing the requisite skills to perform his duties as set forth by Owner. The Captain will, along with such other crew members retained by Owner, be responsible, as directed by Owner, for the operation, maintenance, and management of the Vessel. These duties include, but are not limited to, all operation of the Vessel under way, including mooring, docking, piloting, navigating and maintaining, all to be accomplished in a safe and professional manner as would be expected of a crew member accepting these responsibilities. The Captain will maintain the Vessel while in port keeping her clean, seaworthy and ready at all times for cruising or recreational activities. The Captain is also required to perform maintenance to the limit of his abilities. Regarding those maintenance functions, the Captain cannot perform, the Captain will advise Owner of the necessity for same.

4) <u>Term</u>. This Agreement, and the association created hereby, shall continue for an initial term of one year, and shall be renewable thereafter on an annual basis; provided, however, that either party may terminate this Agreement, at any time, without notice. In such event, Owner shall pay Contractor, on a pro rata basis, any fees owed for services rendered to the date of termination and reimburse Contractor for any Vessel expenses incurred by Contractor (or the Captain) and not yet repaid. Owner may, without limitation, offset against such sums due to Contractor an amount equal to any unaccounted expense deposits and/or Contractor (or the Captain's) charges on Owner/Vessel accounts that are unrelated to crew services on the Vessel.

5) <u>Representations and Warranties</u>. Contractor represents and warrants that the Captain:

      a)     Is appropriately licensed and possesses all qualifications and skills to fulfill his responsibilities as set forth in this Agreement;

      b)     Has no history of illegal drug use or alcohol abuse;

      c)     Is a citizen of the United States of America;

      d)     Has no impediments to travel outside the continental limits of the United States; and

      e)     Has no physical or health impediment which will impair their ability to fulfill all of his responsibilities as set forth in this Agreement.

6) **Compensation.** Owner shall pay Contractor at the rate of $ 157,000.00 per annum. This sum is payable in monthly installments, in arrears.

7) **Taxes.** Contractor shall make all periodic filings, and pay all withholding taxes, FICA taxes, SECA payments, federal and state unemployment taxes, and other federal and state taxes, for employees that Contractor retains in performing its obligations under this Agreement, including, without limitation, the Captain.

8) **Benefits.** Contractor acknowledges that the Captain is not entitled to any employee benefits from Owner, including, but not limited to, holiday and vacation pay, medical insurance, retirement, disability or other fringe benefits, that Owner may, from time to time, provide its employees. In addition, the Captain shall be entitled to 4 weeks of paid vacation each year. Any vacation shall be taken at a time which is approved by Owner, in writing, at least thirty (30) days prior to the date such vacation is to commence, which approval shall not be unreasonably withheld after taking into consideration the Vessel's itinerary. Any vacation time to which the Captain is entitled but not taken in any particular year shall not be carried over to any subsequent year.

9) **Standards of Conduct.** Contractor shall conform to, and abide by, all laws, rules, and regulations applicable to the services it is to provide pursuant to this Agreement and shall insure that the Captain adheres to the same standard.

10) **Relationship.** Contractor is retained by Owner only for the purposes and to the extent set forth in this Agreement, and Contractor's (and the Captain's) relationship to Owner shall be that of an independent contractor and agree that all questions of construction and interpretation shall be resolved consistently with that intent. Neither the execution or performance of this Agreement shall render the parties partners or co-venturers for any purpose.

11) **Control.** The parties specifically agree that Owner may designate the desired result of Contractor's and the Captain's efforts, (i.e., designating a travel itinerary or destination for the Vessel), but that Owner shall have no control over the details or the manner in which Contractor or the Captain perform their duties hereunder. The parties acknowledge that

the Captain possesses technical professional skills and expertise not possessed by Owner. Contractor alone shall set its order or sequence for the performance of services by the Captain hereunder.

12) <u>Designation of Crew</u>. The name of the Captain to be initially provided by Contractor shall be Captain Janz Staats. Owner shall have no right to designate who will be assigned by Contractor to perform any of the services hereunder; the parties hereby agreeing that such right belongs solely to Contractor. Furthermore, Contractor reserves the right to replace or substitute the Captain during the term of this Agreement; provided, however, Contractor shall give Owner written notice at least 30 days in advance of any such replacement or substitution.

13) <u>Services to Others</u>. The parties acknowledge that Contractor offers services of the nature provided hereunder to the general public. Contractor specifically reserves the right to perform the same or similar services to other vessel owners without limitation. The Captain designated by Contractor to provide service to the Vessel, however, shall work exclusively on the Vessel while so designated.

14) <u>Binding Effect</u>. All of the terms and provisions of this Agreement, whether expressed or not, shall be binding upon, inure to the benefit of, and be enforceable by the parties and their representatives, heirs, executors, administrators, personal representatives, and assigns. Any rights given or duties imposed upon the estate of a deceased party shall inure to the benefit of and be binding upon the fiduciary of such decedent's estate in his fiduciary capacity.

15) <u>Attorneys' Fees</u>. If any legal action or other proceeding is brought to enforce this Agreement, or because of an alleged dispute, breach, default, or misrepresentation in connection with any provision(s) of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorneys' fees (including paralegal fees), court costs, and all expenses incurred in that action or proceeding, even if not taxable as court costs, including, without limitation, all such fees, costs, and expenses incident to appeals, in addition to any other relief to which such party may be entitled.

16) <u>Governing Law</u>. This Agreement and all transactions contemplated by this Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, excluding the conflicts of laws principles thereof. The venue of any action arising from this Agreement shall lie exclusively in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, and both parties shall submit to the jurisdiction of such court.

17) <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the parties, and supersedes any prior agreement or understanding between them, oral or written, on the subject matter. There are no other terms, conditions, promises, undertakings, indemnities, statements, representations or warranties, express or implied, concerning the transactions contemplated by this Agreement.

18) <u>Execution of this Agreement</u>. This Agreement may be signed in counterparts, which, together, shall be considered a single instrument. A signed copy of the Agreement sent by facsimile or other electronic methods shall be deemed an original for all purpose

OWNER:

By:_____

Its

CONTRACTOR:

By: 3-16-15

Its